MARY ANN REECE

v.

JOHN REECE.

Where a husband and wife have never lived together, and the wife evinces a strong disinclination to live with her husband at all, and repulses his advances towards a reconciliation, their consequent separation held not to be desertion within the divorce act.

Petition for divorce. On final hearing on pleadings and proofs.

*Mr. M. Force,* for petitioner.

*Mr. W. Prall,* for defendant.

THE CHANCELLOR.

This suit is brought for a divorce, on the ground of desertion. The parties were married in 1873. They have one child, born in the following year. Ever since the marriage (which took place in Paterson) the petitioner has resided in that city, at the house of her parents. With the exception of about nine months, from the early part of the summer of 1875 to the spring of 1876, during which time he was absent in Rhode Island (where, being out of work, he went at his wife's instance to obtain work at his trade, that of a carpenter, with a relative of hers), the defendant has also resided in Paterson. When he returned from Rhode Island, he first went to the house of his wife's grandmother. He unexpectedly met his wife there. She appears to have received him with coldness, if not with evidence of positive dislike. During his absence she declared that she had lost her affection for him. The reason why does not appear. The evidence on the subject is exceedingly meagre. From

her grandmother's house he went, the same day, to her father's, where the child was. He arrived there first. When the petitioner came in neither spoke to the other, and they do not appear to have spoken to each other while he was there. From that time they lived separate in the same city, Paterson, he with his mother, and she with her parents. She earned her living by working in a mill, and her parents supported the child, which was living with her. He appears, however, to have contributed to clothing it. He swears that his only reason for not living with his wife was that he had heard that she had said she would never live with him; and he further says that he would have supported her if she had applied to him to do so. It is clear, from the evidence, that the petitioner, when her husband returned from Rhode Island, not only received him with great coldness, but evinced a strong determination not to have any communication whatever with him. She offensively repulsed his advances to her, even on one evening when he called at his sister's, and found her there, refusing to permit him to accompany her home, although the weather was stormy. The evidence does not show the facts necessary to warrant a decree for divorce. The petition will, therefore, be dismissed.